PEOPLE, PLAINTIFF AND APPELLEE, *v.* PIMIENTER, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Violation of the Automobiles Act.

No. 2026.—Decided July 24, 1923.

PLEADING—INFORMATION—MOTOR VEHICLES.—Driving a heavy motor vehicle loaded in excess of the limit fixed in the license is not a violation of the Motor Vehicles Act, but of Act No. 41 of 1910 which, in that respect, is still in force; and as the latter act refers to insular roads, an information charging the commission of the act in a street of a municipality does not charge an offense.

The facts are stated in the opinion.
*Mr. B. Esteves* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was convicted on a complaint reading as follows:

"I, José Gerena, * * * make complaint against Martín Pimienter for a violation of the Automobiles Act committed as follows: That at 2 p. m. on July 20, 1922, on Comercio Street, Aguadilla, within the municipal judicial district of Aguadilla, P. R., the said accused then and there unlawfully, wilfully and maliciously violated the provisions of subdivision (*f*) of section 9 of the Act to regulate the operation of motor vehicles on the public roads of Porto Rico by driving the heavy motor vehicle No. H. P. 189 loaded with an excess

cargo of twenty quintals. This heavy motor vehicle is licensed to carry four tons and was carrying five tons, an act which is contrary to law."

At the trial *de novo* in the district court the appellant alleged that the complaint did not contain facts sufficient to constitute a public offense for the following reasons: (*a*) Because the complaint refers to an act committed on Comercio Street, Aguadilla, and not on one of the public roads of Porto Rico; (*b*) because the purpose of the law is to avoid damage and destruction of the insular public roads and the fact that the driver of a truck has his truck loaded in excess of the limit fixed in the license causes damage to the owner only and not to The People of Porto Rico, if it is not being driven on a public road; (*c*) because the act of driving a truck with an excessive load on an insular road would be a violation of the Public Roads Act, but not of the Automobiles Act.

Although it is true that subdivision (*c*) of section 9 of the Automobiles Act of 1916, as amended by Act No. 55 of 1921, provides that no motor vehicle the weight of which exceeds four tons unloaded or eight tons loaded shall be allowed on the public roads, with the two exceptions stated therein, and that under section 18 of the Act of 1916 a violation of its provisions is made a misdemeanor punishable by a fine of not less than five nor more than three hundred dollars, or by imprisonment for not less than five days nor more than three months, yet the said act contains no provision penalizing the driving of heavy motor vehicles loaded in excess of the limit fixed in the license, for all that the said act contains on this point is the power conferred by subdivision (*f*) of section 9, added by the Act of 1921, upon certain employees of the Department of Interior to detain any heavy motor vehicle for the purpose of making an investigation thereof, and to complain against the operator

should he be transporting a load in excess of that authorized under the license of the vehicle. Subdivision (a) of section 10 of Act No. 41 of 1910 to provide for the maintenance and policing of public roads provides that no heavy motor cars shall be allowed on the insular roads unless licensed and registered by the Department of the Interior in accordance with the provisions of the Act, and subdivision.(k) thereof provides that all licenses shall fix the allowable registered weight of the vehicle when laden and that the person in charge of any heavy motor car carrying more than the registered weight shall be guilty of a misdemeanor and punishable by a fine not to exceed one hundred dollars or imprisonment not to exceed sixty days, or by both such fine and imprisonment.

By virtue of the foregoing we are of the opinion that the driver of a heavy motor vehicle loaded in excess of the license limit does not violate the Automobiles Act, but violates Act No. 41 of 1910 which on that point is still in force because it is not in conflict with Act No. 54 of 1921 to regulate the maintenance and policing of the public roads.

Therefore, and inasmuch as the prohibition of subdivision (a) of section 10, penalized by subdivision (k) thereof, refers to insular public roads, we must conclude that the complaint did not charge a public offense, because the appellant was not driving the heavy motor vehicle loaded in excess on an insular road, for it was alleged that he was driving it on a street of Aguadilla.

The judgment must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.